THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICLAS FOSTER,

    Plaintiff,

 v.

AMERICAN HONDA MOTOR COMPANY, INC., *et al.*,

    Defendants.

CASE NO. C17-1727-JCC

ORDER

This matter comes before the Court on Defendants' motion to exclude testimony (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendants' motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff is the personal representative of the estate of Meike Foster. (Dkt. No. 1-2 at 2.) In 2014, Ms. Foster burned to death inside her Honda CR-V, after the vehicle caught fire. (Dkt. No. 31 at 2.) The CR-V was found off the road on a bed of ivy, and no one witnessed the fire start. (*Id.*) Plaintiff filed this products liability action against Defendants alleging that the CR-V had a design defect that led to the fire causing Ms. Foster's death. (Dkt. No. 1-2 at 4–5.)

Throughout this lawsuit, the parties have agreed to, and the Court has entered, several

stipulations regarding the disclosure of expert witnesses. (*See* Dkt. Nos. 18–25.) On August 3, 2018, the Court entered the following expert disclosure deadlines pursuant to stipulation:

| | |
|---|---|
| Plaintiff's Expert Disclosures (FRCP 26(a)(2)) | October 26, 2018 |
| Defendants' Expert Disclosures (FRCP 26(a)(2)) | November 27, 2018 |
| Plaintiff's Rebuttal Expert Disclosures | January 4, 2019 |
| Defendants' Rebuttal Expert Disclosures | February 4, 2019 |

(Dkt. No. 23.) On October 26, 2018, Plaintiffs disclosed the report of Mark Arndt, who opined as to the CR-V's alleged design defects. (Dkt. No. 28 at 3.) Arndt concluded that the probable origin of the fire "was ignition of organic debris accumulated or trapped near the [car's] catalytic converter," and that "[i]n my opinion failure to shield the catalytic converter was a defect in the design of the vehicle and was compounded by the plastic panels that enclose the engine compartment and other areas of the exhaust system." (*Id*.)

On November 27, 2018, Defendants disclosed the reports of a fire expert, Larry Brown, and an engineering expert, Dr. Robert Scheibe. (Dkt. No. 30 at 7.) In contrast to Arndt's opinion that the fire was caused by organic debris inside the vehicle, Brown concluded that the fire "was caused by the duff and ground cover under the vehicle after it left the paved road way." (*Id*.) Scheibe similarly concluded that the car likely ran over "flammable debris that contacted the exhaust system," which caused the fire. (*Id*.)

On December 21, 2018, the Court amended the expert disclosure deadlines as follows:

| | |
|---|---|
| Plaintiff's Rebuttal Expert Disclosures | January 18, 2019 |
| Defendants' Rebuttal Expert Disclosures | February 18, 2019 |
| Discovery cutoff | February 28, 2019 |

(Dkt. No. 25.) On January 18, 2019, Plaintiff disclosed the report of Grzegorz Buczkowski, Ph.D., who opined that "the space above the undercarriage paneling on a 2012 Honda CRV is an

ideal rodent nesting habitat." (Dkt. No. 28 at 4.) Buczkowski concluded that "[b]ecause nests are made almost exclusively of dry, potentially flammable material . . . the nest may pose a fire hazard when exposed to high temperatures during vehicle use." (*Id*.) Defendants neither sought to depose Buczkowski, nor disclose rebuttal experts. (Dkt. No. 30 at 2.) Trial is currently scheduled for April 22, 2019. (Dkt. No. 15.)

On February 8, 2019, Defendants filed a motion to exclude Buczkowski from trial because his opinions do not represent rebuttal testimony and were therefore untimely disclosed under Federal Rule of Civil Procedure 26(a)(2)(D). (Dkt. No. 28 at 5–7.) Plaintiff asserts that Buczkowski's opinion was offered to rebut Brown and Schiebe's opinions that the fire was caused by "duff" and other flammable debris on the roadway. (Dkt. No. 30 at 7.)

Defendants assert that Buczkowski's testimony regarding rodent nesting does not rebut Brown or Scheibe's opinions, neither of whom opined about whether the "space above the undercarriage paneling on a 2012 Honda CRV is an ideal rodent nesting habitat." (Dkt. No. 28 at 5.) Because Buczkowski's testimony is not "intended to solely contradict or rebut evidence on the same subject matter" presented by Defendants' experts, Defendants argue that Plaintiff's disclosure of the testimony was untimely. (*Id*.) (citing Federal Rule of Civil Procedure 26(a)(2)(D)(ii)). Defendants assert that exclusion is the proper remedy pursuant to Federal Rule of Civil Procedure 37(c)(1).

## II. DISCUSSION

Absent a stipulation or court order to the contrary, expert disclosures must be made at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). Parties may disclose an expert witness after that deadline only if the "evidence is intended *solely* to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). The Ninth Circuit has not specified a particular rule for determining whether rebuttal evidence is proper but has held instead that this is a determination "within the sound judicial discretion of the trial judge." *Rodella v. United States*, 286 F.2d 306, 309 (9th Cir. 1960). This

Court has ruled that rebuttal testimony cannot be used to "advance new arguments or new evidence." *Fed. Trade Comm'n v. Amazon.com, Inc.*, Case No. C14-1038-JCC, Dkt. No. 139 at 3 (W.D. Wash. 2016); *see also Daly v. Far E. Shipping Co. PLC.*, 238 F. Supp. 2d 1231, 1241 (W.D. Wash. 2003) (excluding proposed rebuttal testimony that was not offered "solely to contradict or rebut" other expert testimony). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Buczkowski's report cannot fairly be characterized as rebuttal testimony because it is not offered solely to contradict Defendants' experts, but to reinforce Arndt's opinion that organic material inside Ms. Meike's CR-V caused the fire. Buczkowski's report does not address or respond to information contained in Brown or Schiebe's reports, but offers a new theory in support of why the CR-V could have contained a specific kind of flammable organic material (*i.e.* rodents' nests). (Dkt. No. 30 at 2.) Both Brown and Scheibe opined that the fire was likely caused by organic material outside the CR-V, not that the vehicle was designed in a way that prevented organic material from accumulating in the space adjacent to the catalytic converter. (Dkt. No. 28 at 3.) In this regard, Buczkowski's testimony regarding rodent nesting "did not address any particular opinion in [Brown or Scheibe's reports], and is simply "a new means to support [Plaintiff's] original opinion" regarding the cause of the fire. *See Daly*, 238 F. Supp. at 1241. Plaintiff could have offered Buczkowski's testimony regardless of what Defendants' experts' concluded. Since Buczkowski's report was not rebuttal evidence, it should have been disclosed no later than October 26, 2018. (*See* Dkt. No. 22); Fed R. Civ. P. 26(a)(2)(D).

Although Plaintiff's disclosure of Buczkowski's report was untimely, the Court FINDS that it was harmless. Pursuant to the parties' stipulation, Plaintiff disclosed Buczkowski's report on January 18, 2019. (Dkt. No. 22.) That was 31 days before Defendants needed to disclose their rebuttal experts, 41 days before the close of discovery, and 94 days before trial. (Dkt. No. 25.)

Defendants had sufficient time to depose Buczkowski and identify rebuttal experts, but they did neither. (Dkt. No. 30 at 10.) And while Plaintiffs' disclosure was untimely, it was still more than 90 days before trial—the amount of time typically required for filing expert disclosures under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(D). This case simply does not involve the kind of eleventh hour disclosure that prejudices Defendants in a way that would mandate exclusion.

Finally, and completely unrelated to Defendants' motion, the Court requires a continuance of the current trial date because of a conflict with its calendar. Rather than excluding Buczkowski from trial, the Court concludes that a trial continuance is appropriate to prevent any prejudice to Defendants. A continuance will allow Defendants to depose Buczkowksi and identify rebuttal experts, if they so choose.

### III.     CONCLUSION

For the foregoing reasons, Defendants' motion to exclude (Dkt. No. 22) is DENIED. In accordance with the Court's order:

1. The trial, currently scheduled for April 22, 2019, is hereby VACATED.

2. The parties shall meet and confer to select a new trial date that is no later than October 31, 2019. No later than March 20, 2019, the parties shall file a motion notifying the Court of their jointly proposed trial date(s).

3. If Defendants choose to depose Dr. Buczkowski, they must do so no later than 60 days before the new trial date adopted by the Court.

4. If Defendants choose to disclose rebuttal experts, they must do so no later than 45 days before the new trial date adopted by the Court.

5. If Defendants choose to designate rebuttal experts, Plaintiff may depose them no later than 30 days before the new trial date adopted by the Court.

//
//
//

1     DATED this 14th day of March 2019.

*[Signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C17-1727-JCC
PAGE - 6