The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NICLAS FOSTER, as Personal Representative of the Estate of MEIKE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; HONDA MOTOR COMPANY, LTD., a foreign corporation; HONDA NORTH AMERICA, INC., a foreign corporation; HONDA OF CANADA MANUFACTURING d/b/a HONDA OF CANADA, INC., a foreign corporation; HONDA R&D AMERICAS, INC., a foreign corporation,<br><br>Defendants. | No. 17-cv-01727-JCC<br><br>MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT<br><br>NOTE ON MOTION CALENDAR:<br><br>FRIDAY, SEPTEMBER 6, 2019 |

## I. INTRODUCTION AND RELIEF REQUESTED

On January 18, 2019, plaintiff disclosed the original trial opinions of Grzegorz Buczkowski, Ph.D. (a purported expert rodent nesting behavior) in the form of a 7-page report. Ex. A to the accompanying Declaration of David J. Russell ("Russell Dec."). Plaintiff's attorneys then scheduled the trial testimony (via a perpetuation deposition) of Dr. Buczkowski for June 27, 2019. And, the undersigned scheduled a discovery deposition of Dr. Buczkowski

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

for the morning of June 27, 2019—believing (for good reason) that all of Dr. Buczkowski's trial opinions were contained in his January 2019 report. However, when the undersigned arrived that morning to take the discovery deposition of Dr. Buczkowski, Dr. Buczkowski produced a "supplemental report" (*see* Ex. B to Russell Dec.) that had been prepared (with the assistance of plaintiff's attorneys) the night before, on June 26, 2019. And, that "supplemental report" contained entirely new opinions disclosed, for the first time, the morning of Dr. Buczkowski's trial testimony (via the perpetuation deposition). Pursuant to FRCP 26(a)(2)(D) and FRCP 37(c)(1), defendants are filing this motion to exclude all of Dr. Buczkowski's trial testimony based on opinions that were disclosed—for the first time—the morning of his trial testimony.

## II.   STATEMENT OF FACTS

The original opinions of Grzegorz Buczkowski, Ph.D. (those that plaintiff disclosed on January 19, 2019) were the subject of an earlier motion to strike based on an argument that Dr. Buzkowski was not an actual rebuttal expert. *See* Dkt. 28. On March 14, 2019, this Court held that "Plaintiff's disclosure of Buczkowski's [January 2019] report was untimely" but held that the untimely disclosure was "harmless." Dkt. #34 at p. 4, lines 23-25. The Court then vacated the then-existing April 22, 2019 trial date and ordered the parties to meet and confer on a new trial date. That meet and confer resulted in the setting of the current November 4, 2019 trial date.

On April 10, 2019, plaintiff's attorneys announced that they wanted to perpetuate the trial testimony of Dr. Buczkowski during the month of June. *See* Ex. B to Russell Dec. After some discussion, the parties agreed on June 27, 2019 as the date for the taking of Dr. Buczkowski's trial testimony. *See* Ex. C to Russell Dec. The undersigned then scheduled a discovery deposition of Dr. Buczkowski (who lives and works in Indiana) for the morning of his afternoon

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

perpetuation deposition. *See* Ex. D to Russell Dec. The morning of June 27, the undersigned arrived to take the discovery deposition of Dr. Buczkowski and was handed a one-page "supplemental report" consisting of four entirely new opinions. *See* Ex. E to Russell Dec. When asked, Dr. Buczkowski admitted that he had prepared the supplemental report at issue the night before. His testimony on that subject was as follows:

> Q.  Let me show you what we've marked as Exhibit 6 to your deposition. I'll get to the other -- others in a moment. When was Exhibit 6 prepared?
>
> A.  It was prepared yesterday in the -- during -- during our meeting.
>
> Q.  And was it prepared at the end of all of the work that you did with Tom and Peter [plaintiff's attorneys]?
>
> A.  It was prepared towards the end of the day, yes. And I made some edits this morning as well just preparing.
>
> Q.  And who prepared the first draft of Exhibit 6?
>
> A.  We prepared it together discussing -- as we're discussing this case.
>
> ....
>
> Q.  On Exhibit 6, under 3A, it says, Honda's records on similar 2002 to 2014 CRVs identify rodent activity in the same location. When were you first shown Honda records on similar 2002 to 2014 CRVs?
>
> A.  I believe that was -- yesterday was -- it was not during the initial contact. It was -- it was yesterday.
>
> Q.  Okay. And did Tom and Peter show those records to you yesterday?
>
> A.  Yes.
>
> ....
>
> Q.  In any event, you were provided with some documents yesterday that you had not seen before and that -- and those records are the basis for your opinion 3A, correct?
>
> A.  That would be correct.

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Q. Okay. 3C, it says, The car was located in an area that would be full of rodents. I didn't see that opinion in your initial report. Is that based on visiting the scene yesterday?

A. That's based on the scene yesterday, yes.

Q. Okay. And so yesterday was the first time that you formulated that opinion in this case?

A. Just seeing the site, yes.

....

Q. Okay. And then Exhibit 6, let's focus on D. It says, Inside the vehicle there were needles. The needles are significant: They perfectly match the size and type of material that a rodent would use to nest. Can we agree that that opinion is not contained in Exhibit 5 [Dr. Buczkowski's January 2019 report]?

MR. BREEN: Well, I'm going to object to the extent that assumes that that's its own separate opinion.

Q. (By Mr. Russell) Go ahead.

A. So this Point D -- D -- well, I have seen pictures of the -- the needles that were recovered from the vehicle --

....

Q. I'm not trying to ask a tricky question. I just -- when I was preparing yesterday for this deposition, and I was studying every sentence of Exhibit 5, I didn't see any reference to conifer needles from the Foster vehicle in Exhibit 5. Do you -- can you point me to any reference to needles or needles matching the size and type of material a rodent would use to nest in Exhibit 5?

A. No. Except I guess on Page 2 there's about halfway down the paragraph starting, In situations involving vehicles, rodents may build a nest utilizing materials that are present on the ground where the vehicle is parked. And that includes dried grass, leaves, paper, but not specifically conifer needles.

Q. Okay. And there's no reference to the conifer needles that were collected from the undercarriage of Ms. Foster's vehicle in Exhibit 5, correct?

A. No.

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Ex. F to Russell Dec. at pp. 9-11 and 28-29. In short, Dr. Buczkowski's supplemental opinions were prepared the day before his trial testimony and were disclosed, for the first time, the morning of his trial testimony.

Plaintiff's attorneys then perpetuated the testimony of Dr. Buczkowski during the afternoon of June 27, 2019. The bulk of Dr. Buczkowski's direct testimony was based upon work that he had done—and opinions he had formed—the day before. For example, Dr. Buczkowski testified about an inspection of some conifer needles that he had conducted the day before his perpetuation deposition:

> Q  I'm sorry. You're right. I need to backpedal. What I meant to say, on the Honda CR-V in this case, Mrs. Foster's CR-V, do you know one way or the other whether an inspection to check for debris related to rodents was conducted before you wrote your report or after you wrote your report?
>
> A  It was done after.
>
> Q  All right. And did you learn the results of the inspection of that Honda CR-V after your report was written?
>
> A  It was after my report was written, yes.
>
> Q  Okay. And what were the -- what did you -- what did you learn from that inspection?
>
> A  So I learned that post fire, again, there were some -- in the burn pile, there was some needle, conifer needles found at the scene. Yeah.
>
> Q  Okay. What is the -- and is that -- is that finding of conifer needles consistent with your expert opinion as to the types of materials a rodent would bring into this ideal location in a Honda CR-V?
>
> A  Again, it matches exactly what a rodent would prefer. So when rodents are out there, again, they're making a choice as to what type of nesting material they are collecting. So again, conifer needles, we know it's -- I believe it's significant to this case. Conifer needles contain resins. So resins are naturally water repellant, so they're going to be dry.
>
> And rodents are looking for the driest possible -- the driest material that it can find. So as opposed to, let's say, dry grass or leaves, these materials don't contain any -- any resins, so they would have a tendency to get wet in kind of a wetter

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

climate. Whereas conifer needles, again, because of their high resin content, they are likely to repel water, stay dry, and be -- for that reason, be more attractive to rodents. And containing resins also makes them more flammable as well as we know.

Ex. G to Russell Dec. at pp. 29-31. Other examples of Dr. Buczkowski trial testimony that was based on work he had done the day before can be found at pages 25 through 34 of his perpetuation deposition and pages 38 through 40 of his perpetuation deposition. *See* Ex. G to Russell Dec. at pp. 25-34 and 38-40. That is the testimony that is at issue here.

### III.   STATEMENT OF ISSUE

Should expert opinions that are disclosed to opposing counsel for the first time the morning of that expert's trial testimony be excluded pursuant to FRCP 26(a)(2)(D) and FRCP 37(c)(1)?

### IV.   AUTHORITY

FRCP 26(a)(2)(D) provides for an orderly disclosure of testifying experts and their opinions:

> (D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
>   (i) <u>at least 90 days before the date set for trial or for the case to be ready for trial</u>; or
>
>   (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Emphasis added. And, pursuant to FRCP 37(c)(1), a party that, without substantial justification, fails to properly disclose information as required by Rule 26(a) may not "unless such failure is harmless, [] use as evidence at trial . . . any witness or information not so disclosed." In this case, Dr. Buczkowski's supplemental opinions were disclosed—for the first time—the morning

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of Dr. Buczkowski's trial testimony. That late disclosure substantially prejudiced defendants because it put defense counsel in a position of having to cross-examine an expert about opinions that defense counsel couldn't research or review with the rodent nesting expert retained by defendants. The purpose of FRCP 26(a) is to prevent exactly this situation. Expert opinions must be disclosed at least 90 days before the expert at issue takes the witness stand—so that the opposing party can be fully prepared to cross-examine the witness about the bases for his/her trial opinions. And, the sanction of exclusion, pursuant to FRCP 37(c)(1) is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). This is not a case where plaintiff's disclosure of completely new opinions the morning of Dr. Buczkowski's trial testimony can be shown to be either justified or harmless. Dr. Buczkowski's supplemental report (and the opinions listed on that report) should be excluded from evidence pursuant to FRCP 37(c)(1).

DATED this 16th day of August, 2019.

KELLER ROHRBACK L.L.P.

By _____
David J. Russell, WSBA #17289
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900 / Fax: (206) 623-3384
Email: drussell@kellerrohrback.com

Attorneys for Defendants

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the below date, I caused to be served by CM/ECF or email, a true and correct copy of this document to:

Mr. Thomas J. Breen (WSBA #34574)
Mr. Peter O'Neil (WSBA #28198)
Ms. Kristin Houser (WSBA #7286)
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Email: breen@sgb-law.com; peteroneil@sgb-law.com; houser@sgb-law.com; oneil@sgb-law.com

DATED at Seattle, Washington this 22nd day of August, 2019.

_____
Autumne L. Weingart

4822-5403-0751, v. 1

---

MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT
(17-cv-01727-JCC) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384