Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICLAS FOSTER, as Personal Representative of the Estate of MEIKE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; HONDA MOTOR COMPANY, LTD., a foreign corporation; HONDA NORTH AMERICA, INC., a foreign corporation; HONDA OF CANADA MANUFACTURING d/b/a HONDA OF CANADA, INC., a foreign corporation; HONDA R&D AMERICAS, INC., a foreign corporation,<br><br>Defendants. | No. 2:17-cv-01727-JCC<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT<br><br>NOTING DATE: SEPTEMBER 6, 2019 |

## I.  INTRODUCTION

Once again, instead of doing its work, challenging the evidence, and letting the jury hear both sides of a disputed case, Honda asks this Court to intervene unnecessarily to strike

PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT - 1
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

evidence of what happened to Meike Foster. Honda knows that Plaintiff's rodent expert, Dr. Grzegorz Buczkowski, offers concise and powerful testimony against Honda, providing the jury an explanation for how Honda's defective design for the 2012-2014 CR-V provided an ideal habitat for nesting rodents whose nests then caused the fire that killed Meike Foster. Dr. Buczkowsi's June 27, 2019 testimony is based on his disclosed expert opinion and report. His testimony is based on information long available to and known by Honda. Honda now seeks, for a second time, to strike Dr. Buczkowski's testimony. Honda focuses its motion on a half-page of notes that Dr. Buczkowski prepared just prior to his deposition to assist himself in presenting his testimony.[1] Honda first moved to strike the testimony of Dr. Buczkowski earlier this year, claiming (months before trial, and without taking his deposition) that it was unfairly prejudiced by late disclosure of his opinion. (The motion was filed immediately after an inspection found unburned evergreen needles on an unburned section of splash shielding in the subject vehicle's engine compartment.) The Court rejected Honda's motion because Honda had ample time to rectify any perceived unfairness and to prepare for trial. The Court nonetheless moved the trial date, for other reasons, giving Honda additional time to conduct discovery and find a rebuttal witness. Honda took its deposition of Dr. Buczkowski on June 27, 2019. Eight weeks later, Honda filed this second motion to strike Dr. Buczkowski's testimony.

---

[1] The June 27, 2019, deposition was Dr. Buczkowski's first ever deposition. Breen Declaration, ¶ 10.

PLAINTIFF'S OPPOSITION TO DEFENDANT
HONDA'S MOTION TO EXCLUDE LATE
DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S
RODENT EXPERT - 2
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Honda's motion focuses on typed notes that Dr. Buczkowski produced at his deposition. Honda claims these notes contain new opinions.[2] There was nothing new in the notes, except that they reflect that the Indiana-based professor (1) had visited the fire scene in Kent the night prior to his deposition; (2) had looked at photographs of evergreen needles found during an inspection of the vehicle that occurred after his January 14, 2019, report; and (3) briefly looked at a number of incidents documented by Honda where Honda noted the presence of rodent nesting.

There is no prejudice to Honda in any of this. Any out of town expert would want to visit the scene prior to giving sworn testimony. The reports of other fires caused by rodent nests were documented by Honda and cited in engineer Mark Arndt's report, which Dr. Buczkowski cited and relied upon in his own report; the other fire incidents are not the focus of Dr. Buczkowski's testimony, but support his opinion that the Honda 2012-2014 CR-V engine compartment provides an ideal habitat for nesting rodents because they show it has happened before and since. Finally, Honda was well aware that the February 4, 2019 inspection had uncovered evergreen needles among the burnt remains of Ms. Foster's Honda CR-V.

But even if there was something new or unfair in the half page of notes, or if they were indeed "supplemental," there was no prejudice to Honda. Honda had an opportunity to take his deposition and could take it again at any time. Dr. Buczkowski testified in June,

---

[2] Though Honda makes much of Dr. Buczkowski's supposedly supplemental opinion, Honda continues to put forth its own supplemental information after witnesses have been deposed. Honda produced documents relating to dozens of incidents after the discovery cutoff and after the CR 30(b)(6) deposition. On August, 19, 2019 Honda produced videos prepared by its expert Robert Scheibe, months *after* he was deposed and had produced his various reports. *Id.* at ¶ 16.

PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT - 3
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

more than four months before trial, but Honda waited until August 22, 2019, to raise this issue with the Court. Even so, should there be any unfair prejudice to Honda; there is still plenty of time to eradicate any prejudice through further examinination and through rebuttal testimony.

## II.   FACTS

Meike Foster burned to death in her nearly new 2014 Honda CR-V on November 26, 2014. Dkt. #1-1, Declaration of Thomas Breen ¶ 1.[3]   Honda documents show that the fire that killed Ms. Foster was not unique.  Discovery from Honda showed similar, spontaneous fires starting in the engine compartments of 2012-14 model year CR-Vs, and several of the Honda reports documented the presence of rodent nesting material in the engine compartment. *Id. ¶* 2.  These reports were the subject of Plaintiff's F.R.C.P. 30(b)(6) deposition of Honda and were cited in Mark Arndt's report. *Id.*.  The frequency of the calls about fires in Hondas resulted in Honda designating one call center representative to field all customer inquiries about their Honda catching on fire. *Id*. ¶ 4.

To assist the jury with understanding the mechanism by which rodents are attracted to the Honda CR-V and in particular as it related to the fire in plaintiff's CR-V, plaintiff proffered Purdue University Research Professor and Rodentologist, Dr. Grzegorz Buczkowski. *Id*. ¶ 5. He provided his expert report on January 14, 2019. *Id.*  His report relied on his examination of an exemplar Honda CR-V; on expert Mark Arndt's report (with Google Earth images of the site and numerous references to similar fires); on photos of an

---

[3] Unless otherwise specified, exhibits are attached to the Breen Declaration.

PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT - 4
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

exemplar vehicle; and technical specifications of the Honda CR-V.  *See* Dkt. #43-1, pp. 2 – 8.  According to Dr. Buczkowski, the engine compartment design for the 2012-2014 Honda CR-Vs provides a perfect habitat for rodent nesting.[4]  Breen Decl. ¶ 5.

On February 4, 2019, the parties conducted a mutual inspection of the subject Honda. During this inspection, a number of unburned evergreen needles were found under the ashes but on top of an unburned portion of the engine compartment splash shield.  *Id.* at ¶ 6.  In February 2019, just after the inspection, Honda moved to exclude Dr. Buczkowski and asked for the trial to be continued a few months so Honda "can depose Dr. Buczkowski (in Indiana) and, more importantly, research and retain their own rodent expert."  Dkt. #28, p. 2, at 18-20. On March 14, 2019, the Court denied Honda's request to strike Dr. Buczkowski, finding there was ample time for Honda to address his opinion.

Separately the Court vacated the April 22, 2019 trial date.  Dkt. #34, p. 5 at 14.  The parties struggled to find a new trial date that worked for both sides. Breen Decl. ¶ 7. Ultimately Plaintiff agreed to a November 3, 2019, but this created a complication for Plaintiff – Dr. Buczkowski was completely unavailable during that time frame (he will be out at sea for several weeks).  *Id*.  To ensure a trial date in 2019, Plaintiff elected to instead perpetuate his testimony for trial.  The Court's order gave Honda until 60 days before trial to depose Dr. Buczkowski and 45 days before trial to disclose a rebuttal expert. Dkt. #34. Meanwhile, Honda is also preparing its rebuttal to Dr. Buczkowski: Honda recently

---

[4] As Mr. Arndt will testify, once the nesting material is brought into the engine compartment, Honda's design keeps the material from falling to the ground. Instead the material remains close to the CR-V's exhaust pipe and ignites.  Honda's own documents point to several examples of this.

PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT - 5
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

identified Greg Manley as a *fact* witness to testify about rodent activity at the Meridian Country Club and on September 3, 2019, some seven months after asking for time to retain a rodentologist, Honda stated that it has retained a rodentologist to rebut Dr. Buczkowski's testimony. Breen Decl.¶ 8.

This case is Dr. Buczkowski's first time participating in litigation and his deposition testimony was his first ever testimony. *Id.,* ¶ 10. To prepare for his testimony Dr. Buczkowski asked to see the site of the fire and the subject Honda CR-V in person (versus simply seeing photos of them). *Id.* He also asked to see Honda's own fire reports mentioned by Mark Arndt where Honda identified the same location Dr. Buczkowski had pointed out is an ideal location for rodent nesting as the location where rodent debris caused Honda CR-Vs to ignite. *Id.* Dr. Buczkowski also looked at photographs of the needles the parties unearthed during the joint inspection. *Id.*

To prepare for his deposition, Dr. Buczkowski captured notes about his opinions. *Id., ¶* 11. Everything in those notes is consistent with Dr. Buczkowski's opinions. To the extent they reference information Honda has always known but that Dr. Buczkowski learned after his report, they confirm and support his opinion. The notes were produced to Honda at his deposition subject to a subpoena. *Id.*

Honda claims the notes are new opinions. Dkt. #42. Honda has presented this Court with excerpts that attempt to suggest as much; Plaintiff attaches the entire depositions, with excerpts highlighted to put the testimony into context. Breen Decl., *¶* 12.

At Dr. Buczkowski's deposition Honda claimed it was prejudiced, but did not explain what the prejudice was or how more time to prepare would make a difference. (Again

PLAINTIFF'S OPPOSITION TO DEFENDANT
HONDA'S MOTION TO EXCLUDE LATE
DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S
RODENT EXPERT - 6
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

nothing Dr. Buczkowski referenced in his notes was new information for Honda). *Id.*, ¶12. Plaintiff told Honda the appropriate remedy was to continue its examination of Dr. Buczkowski. *Id.* After hearing Dr. Buczkowski's testimony, Honda did not elect to adjourn or continue the deposition, but instead elected to proceed with questions. Honda then waited two months to file the subject motion. *Id.*, *¶ 13*. This delay by Honda ensures the window the Court gave to Honda to prepare to depose Dr. Buczkowski is narrowing. *Id., ¶* 14. If necessary, Dr. Buczkowski is available for further examination by Honda (including re-opening the cross examination of his perpetuation deposition) up to early October. *Id., ¶* 15.

### III.   AUTHORITY AND ARGUMENT

#### A.   Dr. Buczkowski's Opinion Did Not Require Additional Supplementation

"An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. An expert may rely on material made known to the expert at the hearing, allowing an expert to expand on the basis of an opinion. *Brundberg. v. Upjohn Co*. 137 F.R.D. 365, 367 (C.D. Utah 1991). The party against whom new information is offered at trial may point out to the finder of fact new additions to expert opinion previously elicited at deposition, as it may bear on credibility. *Id*.

Nothing Dr. Buczkowski testified to at his deposition was based on facts or evidence new or unavailable to Honda. Dr. Buczkowski did not proffer new opinions. New information became available to Dr. Buczkowski but it was not new to Honda. At the time of his deposition Honda knew Dr. Buczkowski's opinions, knew the scene of the fire, knew the Honda CR-V model vehicle, knew the exemplar vehicle, knew that the physical

PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT - 7
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

inspection of debris from the subject vehicle included dry flammable pine needles and knew that Honda had authored reports identifying similar fires in Honda CR-V's attributable to rodent debris in the engine compartment. The new information Dr. Buczkowski examined (the site inspection versus similar photo inspection and seeing Honda's own reports versus reading about them from expert witness Mark Arndt's report ) confirmed his opinions.

Honda served a subpoena on Dr. Buczkowski and he complied. He brought all written materials he relied upon including the outline he had put together. This is not the kind of modification that ordinarily constitutes a supplemental opinion.

### B.   If there is any supplemental opinion, it is permissible

If additional information is not otherwise known during the discovery process or set forth in writing, then the party "must supplement or corrects its disclosure or response." Fed. R. Civ. P. 26(e)(1). Where changes use the same methodology and are not "significantly different from the original reports" a revised report is properly before the Court. *Moussouris v. Microsoft Corporation* 311 F.Supp.3d 1223 (1240) (W. D. Wash. April 25, 2018). A party must supplement an expert report by the time the party's pretrial disclosures are due under FRCP 26(a)(3)(B); said supplementation is not only permissible but required. *Holiday Resales, Inc. v. Hartford Cas. Ins. Co*., No. 07-1321JLR, 2008 Wl 11343449 , at *1-2 (W.D. Wash. Oct. 2, 2008) (permitting a supplemental expert report up to 30 days before trial). *Deere & Company v. FIMCO Inc.*, 260 F.Supp. 3d 830 (W.D. Ky. 2017) (permitting supplemental expert report even though it contained 700 pages of newly discovered evidence because it did not change the earlier opinions or theories such that it constitutes improper new evidence as opposed to supplemental material).

PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT - 8
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Here, it is not altogether clear the strictures of CR 26 (e) are triggered, but if they are Plaintiff should be permitted to supplement. The opinions are essentially the same and are consistent. Information otherwise not available at the time of Dr. Buczkowski's report (the joint inspection results), together with Honda's own documents about rodent activity causing fires only confirm his opinion.

**C.     Honda Has Not Made Any Showing Of Prejudice**

To prevail on a motion to strike testimony because of an alleged late disclosure, a party must establish actual unfair prejudice. *Beasley v. U.S. Welding Service, Inc.*, 129 Fed. Appx. 901 (5th Cir. 2005) (finding unfair prejudice established when a late disclosed expert would have disrupted trial proceedings); *Ticciardi v. TIG Ins. Group*, 140 F. 3d 357 (1st Cir. 1998) holding testimony *contradicting* a prior expert report constitutes ground of *unfair* surprise, resulting in unfair prejudice).

Conversely, where a party does not establish unfair prejudice, Courts are loathe to strike testimony. *Prager v. Campbell County Memorial Hosp.*, 731 F.3d 1046 (10th Cir. 2013) (holding that the defendant was not surprised or prejudiced by admission of expert testimony interpreting medical imaging of plaintiff's injury even though expert had not reviewed such imaging at time of his deposition because defendants were previously aware of expert's opinion and possessed the medical imaging relied upon by expert since beginning of litigation); *Gillum v. U.S.*, 309 Fed. Appx. 267 (10th Cir. 2009) (holding that failure of written expert report to comply with the requirements of the procedural rule addressing expert witness discovery did not warrant extreme sanction of total exclusion of expert's testimony when the expert was made available for a second deposition before discovery

PLAINTIFF'S OPPOSITION TO DEFENDANT
HONDA'S MOTION TO EXCLUDE LATE
DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S
RODENT EXPERT - 9
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  deadline, thus, any prejudice accruing to the defendant from an inadequate opportunity to
2  prepare for the first deposition was capable of being cured).

3  Honda persists in making technical arguments and claiming unfair prejudice when
4  there is none. And Honda has established none: Honda cannot articulate what it would have
5  done differently had it received the notes Dr. Buczkowski created the day before his
6  deposition. Honda could have adjourned Dr. Buczkowski's perpetuation cross examination
7  so it would have more time to prepare, but chose not to. Honda's claims of unfair prejudice
8  have no merit.

9  Honda has filed this second motion against Dr. Buczkowski before exhausting the
10 Court's ordered timeline regarding Honda's about how to address Dr. Buczkowski and his
11 opinion. Instead, Honda waited until near the end of the Court's timeline for examining
12 Dr. Buczkowski (60 days before trial) to file this motion. Honda instead seeks to tip the
13 balance of merits in its favor by claiming months before trial there's nothing more it can do.[5]
14 All the while, Honda now presents its own rodentologist to rebut Dr. Buczkowski and has
15 provided to this expert the very photo of needles Honda protests Dr. Buczkowski relied upon.
16 This is upside down. If Honda truly were surprised by Dr. Buczkowski's outline notes (and
17 if it did not waive its ability to get a second opportunity to cross examine Dr. Buczkowski, by
18 crossing examine him instead of asking for more time to prepare a cross-examination) Honda

---

[5] Honda seemingly only requests a strict, unforgiving (and incorrect) interpretation concerning expert testimony with regards to *this* expert. Honda has had no issue with little by little letting out belated information regarding its case, that *only it had control over and knowledge of* and regarding its witnesses *after* they were deposed. *See* Breen Decl., ¶ 16.

PLAINTIFF'S OPPOSITION TO DEFENDANT
HONDA'S MOTION TO EXCLUDE LATE
DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S
RODENT EXPERT - 10
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

will have had from June 27th until mid-October, some three and a half months, to prepare for additional cross examination of Dr. Buczkowski. If Honda believes Dr. Buczkowski's opinions are incorrect they can cross-examine him again or allow their undisclosed rebuttal expert an opportunity to rebut Dr. Buczkowski's opinion. If there is an issue, these are viable solutions. But carving out Dr. Buczkowski's testimony and asking *him* to ignore new information, while Honda's expert rebuts that which Honda now seeks to exclude, is not the solution. [6]

## IV.  CONCLUSION

Plaintiff respectfully requests the Court deny Honda's motion, permit the entirety of Dr. Buczkowski's opinions and testimony to stand, and allow this matter to proceed for an adjudication on the merits. If the Court believes Dr. Buczkowski's notes do comprise a supplemental opinion, Plaintiff asks for leave of the Court to allow for this supplement. If the Court believes Honda has been prejudiced, Plaintiff requests the Court limit Honda's sole remedy to further cross-examination of Dr. Buczkowski in Indiana.

DATED this 3rd day of September, 2019.

SCHROETER, GOLDMARK & BENDER

By: *s/Peter O'Neil*
PETER O'NEIL, WSBA #28198
By: *s/Thomas J. Breen*
THOMAS J. BREEN, WSBA #34574
Counsel for Plaintiff

---

[6] Based on the September 3, 2019 request from Honda for Plaintiff's photographs of the needles found at the inspection Honda's rebuttal expert will not be ignoring this information.

PLAINTIFF'S OPPOSITION TO DEFENDANT
HONDA'S MOTION TO EXCLUDE LATE
DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S
RODENT EXPERT - 11
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone:  (206) 622-8000
Fax:  (206) 682-2305
E-mail:
peter@peteroneil.org; breen@sgb-law.com

PLAINTIFF'S OPPOSITION TO DEFENDANT
HONDA'S MOTION TO EXCLUDE LATE
DISCLOSED SUPPLEMENTAL
REPORT/OPINIONS OF PLAINTIFF'S
RODENT EXPERT - 12
(Case No. 2:17-cv-01727-JCC)

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David J. Russell
KELLER ROHRBACK, LLP
1201 3rd Ave., Suite 3200
Seattle, WA 98101
Phone: 206-623-1900
Fax: 206-623-3384
drussell@kellerrohrback.com

By: *s/Thomas J. Breen*
THOMAS J. BREEN, WSBA #34574
Counsel for Plaintiff
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone:  (206) 622-8000
Fax:  (206) 682-2305
E-mail:  breen@sgb-law.com

PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT - 13
(Case No. 2:17-cv-01727-JCC)

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305