Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NICLAS FOSTER, as Personal Representative of the Estate of MEIKE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; HONDA MOTOR COMPANY, LTD., a foreign corporation; HONDA NORTH AMERICA, INC., a foreign corporation; HONDA OF CANADA MANUFACTURING d/b/a HONDA OF CANADA, INC., a foreign corporation; HONDA R&D AMERICAS, INC., a foreign corporation,<br><br>Defendants. | No. 2:17-cv-01727-JCC<br><br>DECLARATION OF THOMAS J. BREEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT HONDA'S MOTION TO EXCLUDE LATE DISCLOSED SUPPLEMENTAL REPORT/OPINIONS OF PLAINTIFF'S RODENT EXPERT |

I, Thomas J. Breen, am one of the attorneys representing plaintiff in this matter. I make this declaration based upon personal knowledge.

1. I represent the estate of Meike Foster, who burned to death in the front seat of her nearly new 2014 Honda CR-V on November 26, 2014. Plaintiff's theory of the case, based in part on documents produced over the course of the case by Honda, is that organic material brought into the engine compartment, probably by rodents, was dried by hot exhaust components and eventually ignited.

2. A number of documents produced by Honda relating to other incidents of fire in 2012-2014 Honda CR-Vs document the presence of rodent nesting material and point to these materials as the cause of the fires. These reports were the subject of Plaintiff's F.R.C.P. 30(b)(6) deposition of Honda and were cited in Mark Arndt's report.

3. In this case, Honda's experts are of the opinion that the fire was caused by ignition of external debris.

4. The frequency of the calls about fires in Hondas resulted in Honda designating one call center representative to field all customer inquiries about their Honda catching on fire. I took the deposition of Honda's representative, Walter Menjivar, who was employed by Honda to respond to customer complaints and claims relating to fires and who described Honda's procedures. True and correct excerpts from his testimony are attached as **Exhibit 1**.

5. To help the jury understand how and why rodents are attracted to the CR-V, we retained Purdue University Research Professor and Rodentologist, Dr. Grzegorz Buczkowski of Indiana. He provided his expert report on January 14, 2019. His report relied on his examination of an exemplar Honda CR-V; expert Mark Arndt's report (with Google Earth images of the site and numerous references to similar fires); photos of an exemplar vehicle; and technical specifications of the Honda CR-V. *See* Dkt. #43-1, pp. 2 – 8. According to Dr. Buczkowski, the engine compartment design for the 2012-2014 Honda CR-Vs provides a perfect habitat for rodent nesting.

6. On February 4, 2019, the parties conducted a mutual inspection of the subject Honda. A number of unburned evergreen needles were found under the ashes but on top of an unburned portion of the engine compartment splash shield.  In February 2019, just after the inspection, Honda moved to exclude Dr. Buczkowski and asked for the trial to be continued a few months so Honda "can depose Dr. Buckzkowski (in Indiana) and, more importantly, research and retain their own rodent expert. Dkt. #28., p. 2, at 18-20.  On March 14, 2019, the Court denied Honda's request to strike Dr. Buckzkowski, finding there was ample time for Honda to address his opinion.  Separately the Court vacated the April 22, 2019 trial date.  Dkt. #34, p. 5 at 14.

7. The parties struggled to find a new trial date that worked for both sides. Ultimately Plaintiffs agreed to a November 3, 2019, but this created a complication for Plaintiff − Dr. Buczkowski was completely unavailable during that time frame (he'll be out at sea for several weeks). To ensure a trial date could get set in 2019, Plaintiff elected to instead perpetuate his testimony for trial.

 8. The Court's order gave Honda until 60 days before trial to depose Dr. Buczkowski and 45 days before trial to disclose a rebuttal expert. Dkt. #34.  Meanwhile, Honda is also preparing its rebuttal to Dr. Buczkowski: Honda recently identified  Greg Manley as a *fact* witness to testify about rodent activity at the Meridian Country Club, and on September 3, 2019, some seven months after asking for time to retain a rodentologist, Honda stated that it has retained a rodentologist to rebut Dr. Buczkowski's testimony.  Attached as **Exhibit 2** is a true and correct copy of Honda's e-mail.

9. When Plaintiff's proposed June 27, 2019, to perpetuate Dr. Buczkowski, and paid for him to come to Seattle, Honda elected to take Dr. Buczkowski's deposition that same day.

10. This case is Dr. Buczkowski's first time participating in litigation and his deposition testimony was his first ever testimony. To prepare for his testimony Dr. Buczkowski asked to see the site of the fire and the subject Honda CR-V in person. (He had already seen photos of them).  He also  asked to see Honda's fire reports which were mentioned by Mark Arndt and in which Honda personnel identified the same location Dr. Buczkowski had pointed out is an ideal location for rodent nesting as the location where rodent debris caused Honda CR-Vs to ignite. Dr. Buczkowski also looked photographs of the needles the parties unearthed during the joint inspection after his report.

11. To prepare for his deposition, Dr. Buczkowski put down notes about his opinions. Everything in those notes is consistent with Dr. Buczkowski's opinions.  To the extent they reference information Dr. Buczkowski learned after his report but that confirms and supports his opinion, that information is old news to Honda, who has visited the scene, was at the inspection, and actually produced the documents Dr. Buczkowsi reviewed. The notes were produced to Honda at his deposition subject to a subpoena, and Honda had two opportunities to question him about those notes under oath.

12. At Dr. Buczkowski's deposition Honda claimed it was prejudiced but did not explain what the prejudice was or how additional time to prepare would make a difference. (Again nothing Dr. Buczkowski referenced in his notes was new information for Honda). Plaintiff told Honda the appropriate remedy is to continue its examination of Dr. Buczkowski.  The entire transcript of Dr. Buczkowski's discovery deposition is attached at **Exhibit 3.**  The transcript of his perpetuation deposition is attached as **Exhibit 4**.  The transcripts have been highlighted for ease of the Court.

13. After hearing Dr. Buczkowski's testimony, Honda did not elect to adjourn or continue the deposition, but instead elected to proceed with questions. Honda then waited two months to file the subject motion.

14. This delay by Honda ensures the window the Court gave to Honda to prepare to depose Dr. Buczkowski is narrowing.

15. If necessary, Dr. Buczkowski is available for further examination by Honda (including re-opening the cross examination of his perpetuation deposition) until early October.

16. Though Honda complains about "late" disclosure, Honda's own expert, Mr. Scheibe, produced new videos on August 19, 2019. Also, Honda waited until after the close of discovery and *after* Plaintiff's CR30(b)(6) deposition on other incidents to produce reports of dozens of fires that occurred during the last couple of years. Documents relating to those reports continued to trickle in last month.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing statements are true and correct.

DATED this 3rd day of September, at Seattle, Washington, 2019.

By: *s/Thomas J. Breen*
THOMAS J. BREEN, WSBA #34574
Counsel for Plaintiff
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone:  (206) 622-8000
Fax:  (206) 682-2305
E-mail:  breen@sgb-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David J. Russell
KELLER ROHRBACK, LLP
1201 3rd Ave., Suite 3200
Seattle, WA 98101
Phone: 206-623-1900
Fax: 206-623-3384
drussell@kellerrohrback.com

By: *s/Thomas J. Breen*
THOMAS J. BREEN, WSBA #34574
Counsel for Plaintiff
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone:  (206) 622-8000
Fax:  (206) 682-2305
E-mail:  breen@sgb-law.com