The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NICLAS FOSTER, as Personal Representative of the Estate of MEIKE FOSTER,

    Plaintiff,

v.

AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; HONDA MOTOR COMPANY, LTD., a foreign corporation; HONDA NORTH AMERICA, INC., a foreign corporation; HONDA OF CANADA MANUFACTURING d/b/a HONDA OF CANADA, INC., a foreign corporation; HONDA R&D AMERICAS, INC., a foreign corporation,

    Defendants.

No. 17-cv-01727-JCC

DEFENDANTS' PRE-HEARING BRIEF CONCERNING PLAINTIFF'S EVIDENCE OF OTHER FIRES

[EVIDENTIARY HEARING:
October 1, 2019 at 9:00 a.m.]

## I. INTRODUCTION AND RELIEF REQUESTED

This is a products liability action arising out of a November 2014 vehicle fire involving a Honda CR-V. Plaintiff, as personal representative of the estate of Meike Foster, is seeking to introduce evidence of seventeen other fire incidents involving Honda CR-V model vehicles in an effort to prove the cause of the subject fire—because he has no other evidence to support his current causation theory. This is an improper use of other incidents and, because plaintiff cannot

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

meet his burden of establishing the foundational requirements for admission of those other incidents—most notably, showing that the other fires happened under substantially similar circumstances or conditions and were caused by the same components and ignition mechanism—the evidence is inadmissible and should be excluded. Plaintiff's other incidents evidence also is inadmissible and should be excluded because the dangers of unfairness, confusion, and undue expenditure of the Court's and the jury's time litigating collateral issues relating to the other fires, outweighs any potential marginal relevance of those fires. FRE 401, 402 and 403.

## II.     STATEMENT OF FACTS

### A.    Factual Circumstances Prior To Fire

The CR-V fire at issue happened on November 26, 2014 at the Meridian Valley Country Club in Kent, Washington. Meike Foster, who tragically died in the fire, had driven her vehicle a short distance from her home to the Country Club that evening to socialize with friends. It is undisputed that her CR-V functioned normally during that drive. When she arrived at the Country Club, Ms. Foster parked her CR-V in the paved parking lot at approximately 5:00 p.m. and went inside. At approximately 10:00 p.m., Ms. Foster left the club with friends and walked to her parked car. She drove her CR-V only two-tenths of a mile up the driveway of the Country Club and then, for completely unknown reasons, she drove off the paved driveway and into a wooded area alongside the driveway. At approximately 10:25 p.m., neighbors called 911 after hearing a loud noise and seeing smoke in the wooded area where Ms. Foster had driven.

The area into which Ms. Foster drove her CR-V is and was an area covered with ivy and a deep layer of fallen needles and leaves from the surrounding cedar and maple trees. The area also was covered with a canopy of deciduous trees. When first responders arrived, Ms. Foster had already passed away from smoke inhalation.

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants' fire cause and origin expert, Mr. Larry Brown, will testify that the subject fire started because Ms. Foster was parked for an extended period of time over the ivy and deep layer of fallen needles and leaves and that most of the underside of her CR-V, including its relatively hot catalytic converter was in contact with, and ignited, the ground cover. (See ISI Investigations Report by Larry Brown, attached as Exhibit A to the accompanying David J. Russell Declaration). The area where Ms. Foster was parked for an extended period of time before the fire was reported looked like this:



**B.  Plaintiff Relies Solely On Other CR-V Fire Incidents To Prove That The CR-V Here Had A Defect And That That Defect Caused The Fire.**

Plaintiff alleges that the design of the 2012-2014 CR-V is defective, claiming that a plastic cover on the underside of the vehicle might have allowed organic debris to collect and/or rodents to build a nest at some time before Ms. Foster started driving up the driveway. (Ex. B to the

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

accompanying David J. Russell Declaration, Deposition of Mark W. Arndt, 26:19-25, 27:1-8, 32:3-6, 38:3-5, 39:7-10).  However, Mr. Arndt, plaintiff's fire cause and origin expert, admitted during his deposition that he had never found any remnants of any organic debris despite having specifically searched for such materials.  (Ex. B to Russell Dec., Arndt Dep. 32:3-20).  Nor was he aware of anyone who has seen or documented the presence of any remnants of organic debris near the exhaust pipe in the area of the plastic undercover where he believes the subject fire may have started.  (Ex. B to Russell Dec., Arndt Dep. 69:5-17).  Mr. Arndt also admitted that he didn't have any evidence to establish that a rodent brought in any organic debris to the undercover, and he cannot testify to a reasonable degree of certainty that any alleged organic debris was brought there by rodents.  (Ex. B to Russell Dec., Arndt Dep. 68:15-19, 38:16-20).  Mr. Arndt further admitted that he didn't know when any such alleged organic material or rodent's nest might have found its way into the plastic undercover of the 2014 CR-V.  (Ex. B to Russell Dec., Arndt Dep. 37:20-25, 38:1-3, 24-25).  Notably, however, Mr. Arndt admitted that leaves and organic debris similar to and consistent with the ivy bed, dried needles and leaves in the area around and under Ms. Foster's burned vehicle, was found adhered to the bottom side of the CR-V's underbody components.  (Ex. B to Russell Dec., Arndt Dep. 32:18-25, 33:1-25).

Now, admitting the absence of any evidence that organic debris collected in the plastic undercover of the vehicle in this case, or how such debris allegedly got there, Mr. Arndt is hoping to rely on other incidents of CR-V fires to support his theory that organic debris might have collected there in this case, because he believes, "[i]t's a common mechanism in the other incidents. Other people have seen the remnants on fire in [other] vehicles . . ." (Ex. B to Russell Dec., Arndt Dep. 38:6-14).  Mr. Arndt also is relying on a few other incidents of CR-V fires that noted a rodent nest was a likely or possible cause of the fire, because "one way of getting organic

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

debris there would be to have a rodent carry it in there and make a nest." (Ex. B to Russell Dec., Arndt Dep. 68:6-12).

Recently, and after Mr. Arndt's deposition, another expert retained by plaintiff sifted through a large swatch of various fire debris that was deposited on top of the plastic undercover area during the fire and located a few small twigs and conifer needles. Plaintiff claims these few pieces of organic material support his theory that a rodent may have built a nest near the vehicle's exhaust components during the time Ms. Foster was in the Country Club. However, there is no evidence to support such a claim. Western Washington rodents do not build nests during the winter months and the few small twigs and conifer needles located among the fire debris are not the type of materials that Western Washington rodents would use to build a nest. *See* report of George James Kenagy, Ph.D. attached as Ex. C to Russell Dec.

C. **The Other CR-V Fire Incidents.**

Plaintiff is hoping to introduce his evidence of other CR-V fires to prove both defect and causation. However, of the seventeen fires at issue, there is no available information at all about the cause of the fire in nine of them. As for the remaining eight fires, leaves or organic debris were listed as apparent causes in five of them, and a rodent's nest was listed as either a "likely," "possible," or "apparent" cause in three of them. As outlined above, plaintiff has no evidence other than a few small twigs and conifer needles that there was any entrapped organic debris on the undercarriage of Ms. Foster's vehicle and there is no substantive evidence that a rodent built a nest in Ms. Foster's vehicle.

Finally, only five of the seventeen fires at issue happened before November 26, 2014, the date of the fire at issue in this case. All of these issues will be covered in much more detail during the upcoming evidentiary hearing. The challenge for the defendants in writing this brief is that

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

they don't currently know (and won't know until plaintiff files his pre-hearing brief) exactly how (or even if) plaintiff is going to claim each of the other CR-V fires occurred under substantially similar circumstances as the subject fire. It is undisputed that none of the other fires involved a CR-V that was parked off-road over a deep layer of fallen conifer needles and deciduous leaves.

### III.  STATEMENT OF ISSUES

1.  To be admissible, plaintiff must present detailed evidence to establish that each of the other CR-V fires occurred under substantially similar conditions as the CR-V fire at issue in this case. Defendants submit that plaintiff cannot meet that burden of proof.

2.  Even if plaintiff could satisfy his foundational burden of showing that some or all of the seventeen other CR-V fires occurred under substantially similar circumstances as the present case, evidence of all of those other CR-V fires should be excluded because the dangers of unfairness, confusion, and undue expenditure of time litigating collateral issues related to the other CR-V fires outweighs any marginal relevance of the other fires.

### IV.  AUTHORITY

**A.  Under Both Federal And Washington State Law, Before Evidence of Other CR-V Fires Can Be Introduced As Proof of A Design Defect or Causation, The Proponent Must Establish That The Circumstances Of Each Fire Are "Substantially Similar" To Those In The Present Case.**

It is black letter law that, when a plaintiff attempts to introduce evidence of other incidences or accidents as direct proof of a design defect or causation in a products liability case, he or she has the burden of establishing "substantial similarity" between the other incidents and the incident at issue. *Daniel v. Coleman Co. Inc.*, 599 F.3d 1045, 1048 (9th Cir. 2010) (affirming district court's exclusion of other incidents sought to be introduced because plaintiff had not satisfied his foundational burden of establishing the prior incidents were substantially similar); *Cooper v. Firestone Tire and Rubber Co.*, 945 F2d 1102, 1105 (9th Cir. 1991), citing *Pau v. Yosemite Park*

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and *Curry Co.*, 928 F.2d 880, 889 (9th Cir. 1991); *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1109 (8th Cir. 1988) (excluding evidence because plaintiff's counsel failed to lay an adequate foundation to show that the other evidence was substantially similar); *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C. Cir. 1986); *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981).

While there is no fixed definition of when a prior incident is (or is not) substantially similar, the evidentiary standard means that the other accidents or incidents must have occurred under substantially similar circumstances. *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1332 (8th Cir. 1985) ("Evidence of prior accidents is admissible only if the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar."); *Brooks,* 786 F.2d at 1195 (D.C. Cir. 1986) (same); *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) ("[s]ubstantial similarity means that the accidents must have occurred under similar circumstances or share the same cause"). Washington state courts agree. *Blood v. Allied Stores, Corp.*, 381 P.2d 742, 744 (Wash. 1963) (refusing to entertain an assignment of error to the trial court's exclusion of evidence of prior incidents due to the "paucity" of information as to the circumstances of the other incidents); *O'Dell v. Chicago, Milwaukee St. Paul & Pacific R.R. Co*, 496 P.2d 519 (Wn. App. 1972).

"The rule rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility under Federal Rules of Evidence 401 and 402."[1] *Cooper*, 945 F.2d at 1105, citing *Pettyjohn v. Kalamazoo Center Corp.*, 868 F.2d 879, 881 (6th Cir. 1989); *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988). Other fires that are not substantially similar to the fire at issue are simply irrelevant and, therefore, inadmissible. *See, Nachtsheim v.*

---

[1] Under FRE 402 provides that "Relevant evidence is admissible . . . , irrelevant evidence is inadmissible."

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988) ("As the circumstances and conditions of the other accidents become less similar to the accident under consideration, the probative force of such evidence decreases.").

The "foundational requirement of establishing substantial similarity is especially important in cases where the evidence is proffered to show the existence of a design defect." *Barker v. Deere & Co.*, 60 F.3d 158, 162 (3d Cir. 1995). This is because "the jury is invited to infer from the presence of other accidents that a design defect existed which contributed to the plaintiff's injuries." *Id.* at 162-63, citing *Nachtsheim*, 847 F.2d at 1269; *see also, Crump v. Versa Products, Inc.*, 400 F.3d 1104, 1109 (8th Cir. 2005) (prior incidents of a hinge failure in a ladder where hinge was in a different position was not admissible to prove defect). Likewise, "[e]vidence proffered to illustrate the existence of a dangerous condition necessitates a high degree of similarity because it weighs directly on the ultimate issue to be decided by the jury." *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992).

> So for evidence of other accidents to even be marginally relevant, it must bear similarities in critical respects to the accident at issue in this case. This is an extremely difficult test to satisfy in a case such as this one, given the highly fact-specific nature of each and every accident . . .

*Hayes v. MTD Product, Inc.* 2008 WL 2859223, * 2 (W.D. Ky. 2008).

And, when other accidents or incidents are offered to prove causation, the proponent of the evidence must also establish a "high degree of similarity." *Eisenbise v Crown Equipment Corp.*, 260 F. Supp.3d 1250, 1265 (S.D. Ca. 2017) ("Because causation is an ultimate issue for the jury to decide, Plaintiffs must establish that all of the incidents relied upon by [their expert] are substantially similar to a *high degree* of certainty.") (emphasis in original); *Hayes*, 2008 WL 2859223, * 3; *Burke v. U-Haul Int'l.*, 2007 WL 403588, *1 (W.D. Ky, 2007); *see also, Kuta v. Newberg*, 600 N.W.2d 280, 289 (Iowa 1999) ("[e]vidence of prior accidents 'is not relevant to the

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

issue of causation of the occurrence in question in the absence of proof of substantial similarity of all conditions that might enter into or affect causation'"). The reason for the foundational requirement that the proponent of evidence offered to show causation establish a high similarity of circumstances was aptly explained by the Seventh Circuit in *Nachtshelm*, 847 F.2d at 1268-69:

> The rationale for this rule is simple. In such cases, the jury is invited to infer from the presence of other accidents (1) that a dangerous condition existed (2) which caused the accident. [citations omitted.] As the circumstances and conditions of the other accidents become less similar to the accident under consideration, the probative force of such evidence decreases. At the same time, the danger that the evidence will be unfairly prejudicial remains. '*The jury might infer from evidence of the prior accident alone that ultra-hazardous conditions existed . . . and were the cause of the later accident without those issues having ever been proved.* '[citations omitted].

*Nachtshelm*, 847 F.2d at 1268-69 (emphasis added).

Here, because plaintiff seeks to introduce evidence of other CR-V fires to prove both design defect and causation, he bears the high burden of showing that the other fires occurred under substantially similar conditions or circumstances as the fire at issue in this case. This is a burden that he cannot meet.

**B.      Evidence Of The Other CR-V Fires Should Also Be Excluded Because The Evidence Would Be More Prejudicial Than Probative.**

Even if plaintiff could satisfy his burden of showing substantial similarity of the other CR-V fires, the dangers of unfairness, confusion and undue expenditure of time litigating collateral issues compel exclusion of the evidence. *Nachtsheim,* 847 F.2d at 1269 ("even when substantial identify of the circumstances is proven, the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

time in the trial of collateral issues against the factors favoring admissibility"); FRE 403;[2] *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 103 (6th Cir. 1989) (same); *Hicks v. Six flags Over Mid-America*, 821 F.2d 1311 (8th Cir. 1987) (same); *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981) (same); *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1198 (D.C. Cir. 1986) (affirming trial court's exclusion of evidence because of minimal probative value and substantial delay because Chrysler would have attempted to rebut the substance of each of the numerous other incidents or to distinguish them from the alleged defect in the present case); *Burke v. U-Haul Int'l.*, 2007 WL 403588, *1 (W.D. Ky. 2007) (expressing concern that "introduction of the prior accidents could mislead the jury as to the cause of the accident[;] [t]hey may create trials within the trial.").

Here, to allow plaintiff to introduce evidence related to the other CR-V fires would require, in addition to defending the allegations in this case, that defendants essentially defend the against cause of the other fires at issue. And, it is undisputed that there is no information about the cause of at least nine of those fires. Defendants would be required to not only cross-examine plaintiff's expert in detail on each of the other CR-V fires for which the expert has no direct knowledge, but they would also be required to introduce evidence demonstrating the specific dissimilarities between the other CR-V fires and the fire at issue. This would result in numerous and unnecessary sub-trials and consume significant court and jury time and resources. It would also improperly shift the burden of proving dissimilarity to the defendants. For these reasons, the evidence should be excluded.

/

//

---

[2] FRE 403 instructs: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## V. CONCLUSION

The testimony during the upcoming hearing will establish that plaintiff cannot satisfy his significant foundational burden of establishing that the other CR-V fires happened under substantially similar circumstances as the circumstances of the fire at issue here. As a result, all of plaintiff's evidence regarding the other fires should be deemed inadmissible. And, even if plaintiff could establish substantial similarity, the evidence should be excluded because the prejudicial effect of admitting the evidence would outweigh any established marginal relevance. If admitted, the defendants would be required to not only defend the facts of the fire at issue here, but also defend against each of the other CR-V fires and cross-examine plaintiff's expert witness as to those fires despite the fact he has no firsthand knowledge of the fires or the investigations into them. In turn, having to litigate these collateral issues will extend the trial and consume significant court and jury time. It would also improperly shift the burden of proving dissimilarity to the defendants. For these reasons, all the proffered evidence of other CR-V fires should be excluded.

DATED this 24th day of September, 2019.

KELLER ROHRBACK L.L.P.

By _____
David J. Russell, WSBA #17289
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900 / Fax: (206) 623-3384
Email: drussell@kellerrohrback.com

Attorneys for Defendants

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the below date, I caused to be served by CM/ECF or email, a true and correct copy of this document to:

Mr. Thomas J. Breen (WSBA #34574)
Mr. Peter O'Neil (WSBA #28198)
Ms. Kristin Houser (WSBA #7286)
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Email: breen@sgb-law.com; peteroneil@sgb-law.com; houser@sgb-law.com; oneil@sgb-law.com

DATED at Seattle, Washington this 24th day of September, 2019.

_Autumne L. Weingart_
Autumne L. Weingart

4852-5609-0790, v. 1

DEFENDANTS' PRE-HEARING BRIEF CONCERNING
PLAINTIFF'S EVIDENCE OF OTHER FIRES
(17-cv-01727-JCC) - 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384