UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICLAS FOSTER, as Personal Representative of the Estate of MEIKE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation, et al.,<br><br>Defendants. | Case No. C17-1727 RSM<br><br>ORDER RE: EVIDENTIARY HEARING REGARDING SIMILAR INCIDENTS |

This matter comes before the Court on the parties' request for an evidentiary hearing and significant briefing on what is construed as early motions in limine to address the admissibility of similar car fire incidents involving the vehicle model in question in this case, a 2014 Honda CR-V, and to address the admissibility of testimony from survivors of similar car fires. *See* Dkts. #49, #51, #61, #63, and #65.

When a plaintiff attempts to introduce evidence of other incidences or accidents as direct proof of a design defect or causation in a products liability case, he or she has the burden of establishing "substantial similarity" between the other incidents and the incident at issue. *Daniel v. Coleman Co. Inc.*, 599 F.3d 1045, 1048 (9th Cir. 2010); *Cooper v. Firestone Tire &*

*Rubber*, 945 F.2d 1103, 1005 (9th Cir. 1991). The rule rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility under FRE 401 and 402. *Cooper* at 1105. Minor or immaterial dissimilarity does not prevent admissibility. *White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir. 2002).

Defendants argue that for other incidents to be offered to show causation, the proponent of the evidence must demonstrate a "high degree of similarity." *See Eisenbise v. Crown Equipment Corp.*, 260 F.Supp.3d 1250, 1265 (S.D. Cal. 2017). Plaintiff argues that the requirement for substantial similarity should be relaxed when the evidence of other accidents is only submitted to prove notice or awareness of the potential defect as opposed to trying to prove the existence of the dangerous condition. *See Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 889 (9th Cir. 1991).

For clarity, the Court will consider the incidents at issue as described by Plaintiff's expert witness. Both parties refer to the incidents as they are listed by Mr. Arendt. From an original 60 incidents of spontaneous fire in 2012–2016 Honda CR-Vs produced by Defendants, Mr. Arendt created a list of 17 incidents "that he considers substantially similar to the Foster fire." Dkt. #51 at 4; *see also* Dkt. #53-5 (table of 17 incidents).

The Court agrees with Plaintiff that those incidents occurring substantially prior to the Foster fire arguably show notice or awareness of the potential defect and that this serves as an additional reason to admit into evidence. The Foster fire occurred the day before Thanksgiving 2014. Arendt Incidents 1–4 occurred substantially prior; incident 5 occurred only two weeks prior. *See* Dkt. #53-5.

As to those incidents occurring after the Foster fire, Plaintiff is essentially arguing that these incidents are helpful for showing causation. Plaintiff and Defendants have different

ORDER RE: EVIDENTIARY HEARING REGARDING SIMILAR INCIDENTS - 2

theories as to what caused the Foster fire and both theories will be presented to the jury. Defendants are free to argue that the evidence supports their theory and not Plaintiff's theory.

The Court has reviewed the incidents, the testimony of Mr. Arendt, and the briefing submitted by the parties and concludes that incidents 1, 3, 5 and 8 are substantially similar to the circumstances of the Foster fire as argued by Plaintiff and are therefore admissible. These incidents point to organic material trapped in roughly the same area of the vehicle at issue in this case as a potential source of fire. Defendants appear to concede that these incidents are the most likely candidates for substantial similarity, but argue that "it is undisputed that, unlike Ms. Foster's CR-V fire, fires #1, 3, 5, and 8 on Mr. Arndt's list did not involve vehicles parked off road over the top of organic debris on the ground." Dkt. #63 at 5. If these incidents involved vehicles parked off road over organic debris, they would not only be substantially similar they would be functionally identical; such is not required for admissibility. Defendants remaining arguments to exclude these incidents go to the weight of the evidence. The Court agrees with Defendants that little is known about the causes of the fire in incidents 2 and 4, that incidents 6, 7 and 11 have evidence of organic material being the source of the fire, but this evidence is purely speculative, and that the remaining incidents do not adequately point to organic material as the source of the fire.

Turning to the question of the admissibility of "evidence of emotional pain and suffering from survivors of similar incidents," the Court finds that this evidence is on its face more prejudicial than probative and that Plaintiff has failed to provide the Court with an adequate legal basis for its admissibility. The Court agrees with Defendants that *Wheeler v. John Deere Co.*, 862 F.2d 1404 (10th Cir. 1988) does not stand for the proposition that such testimony can

be offered to demonstrate the emotional pain and suffering of Ms. Foster in this case. *See* Dkt. #63 at 5–6. This evidence will be excluded under FRE 403.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Arendt Incidents 1, 3, 5, and 8 are admissible for the reasons stated above. The remaining incidents cited by Plaintiffs are excluded under FRE 403. Evidence of emotional pain and suffering from survivors of similar incidents is excluded under FRE 403.

DATED this 21st day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE