# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NICLAS FOSTER, as Personal Representative of the Estate of MEIKE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation, et al.,<br><br>Defendants. | Case No. C17-1727 RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Motion for Reconsideration filed by Plaintiff under LCR 7(h). Dkt. #68. Plaintiff seeks "clarification if not outright correction" to the Court's recent Order Re: Evidentiary Hearing Regarding Similar Incidents. *Id.* at 1. This prior Order construed the parties' request for a hearing and pre- and post- briefing as "early motions in limine to address the admissibility of similar car fire incidents involving the vehicle model in question in this case, a 2014 Honda CR-V, and to address the admissibility of testimony from survivors of similar car fires." Dkt. #66 at 1. Plaintiff now seeks reconsideration of the Court's rulings as to the admissibility of similar car fire incidents but not as to the admissibility of testimony from survivors of similar car fires.

Motions for reconsideration filed under LCR 7(h) are same day motions. LCR 7(d)(1). "Motions noted under LCR 7(d)(1), except motions for temporary restraining orders, shall not

ORDER DENYING MOTION FOR RECONSIDERATION - 1

exceed six pages." LCR7(e)(1). "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

As an initial matter, Plaintiff's Motion exceeds the applicable page limit by six and a half pages. The Court would typically only consider the first six pages of this filing. However, because the issue before the Court is critical to the upcoming trial the Court has considered the entire filing. The Court will address each of Plaintiff's requests for clarification.

The Court found that Arndt Incidents 1 through 4 occurred substantially prior to the Foster Fire. Dkt. #66 at 2. However, the Court ultimately concluded that only incidents 1 and 3 were "substantially similar," the applicable standard for the evidentiary issue. *Id.* at 3; *Daniel v. Coleman Co. Inc.*, 599 F.3d 1045, 1048 (9th Cir. 2010). As stated in the Court's Order, this was because these incidents (as well as incidents 5 and 8) "point to organic material trapped in roughly the same area of the vehicle at issue in this case as a potential source of fire." Dkt. #66 at 3. The area at issue in this case was around the exhaust system and secondary catalytic converter. Despite the easier standard for admissibility for incidents occurring substantially prior to the Foster Fire, the Court agreed with Defendants' analysis that "little is known about the causes of the fire in incidents 2 and 4." *Id.* The Court was very clear in its Order that "Arndt Incidents 1, 3, 5, and 8 are admissible for the reasons stated above," but that "[t]he remaining incidents cited by Plaintiff are excluded under FRE 403." *Id.* at 4.

Plaintiff feigns confusion as to whether the Court meant to exclude Incidents 2 and 4. *See, e.g.*, Dkt. #68 at 2 ("If excluding incidents 2 and 4 was intentional…"). What Plaintiff is really arguing is that the Court was wrong in finding no substantial similarity between these

ORDER DENYING MOTION FOR RECONSIDERATION - 2

incidents and the Foster Fire. *See id*. at 2 n.1. However, by the Plaintiff's own telling, these incidents are similar in that they involved the same model year, engine and exhaust architecture, nature and location of fire, but that they did not involve "direct evidence of organic material as first fuel." *Id.*[1] The Court has already considered all of this in its determination of substantial similarity. The question of how and where the fire started is critical to Plaintiff's claims and the question of substantial similarity; in the Court's judgment these incidents lacked enough information to satisfy the applicable test and FRE 403. The level of analysis offered by the prior Order is consistent with the Court's typical practice on motions in limine. The Court finds no manifest error in its prior ruling.

Plaintiff argues "there is confusion as to the Court's exclusion of incidents 6, 7, and 11, incidents which plainly include evidence of organic debris as the initial source fueling a fire, the same defect alleged here (including an admission of same by Honda's own fire investigator)." *Id.* at 2. The Court's prior Order addressed those incidents: "[t]he Court agrees with Defendants that… incidents 6, 7 and 11 have evidence of organic material being the source of the fire, but this evidence is purely speculative." Dkt. #66 at 3. Again, Plaintiff feigns confusion as to whether these incidents were intended to be excluded and argues that the Court "should state the basis for the exclusion and reconsider this decision too." Dkt. #68 at 2. The Court did state the basis for the exclusion—these incidents failed the substantial similarity test due to the evidence of organic material being "purely speculative" and excluded these incidents under FRE 403. The Court reminds Plaintiff that these incidents did not have any statements from a witness saying that the fire was caused by organic material in a similar area as the Foster fire, they had a witness saying he was *asked* if the car was parked near high grass

---

[1] Plaintiff goes on to complain that such "evidence might have been found and documented had Honda responded to Geico's notice and invitations to inspect." Dkt #66 at 2 n.1. This concern is not properly before the Court.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

"as there might have been a mouse nest," a witness reporting that a firefighter observed a lot of leaves in *the engine block* and concluding that it was a squirrel's nest, with a report mentioning "light vegetation" as an ignition source, and a witness smelling burning leaves while driving. In each of these incidents a key element was lacking. To the extent that the Court could have ruled otherwise, the Court reminds Plaintiff that he carries the burden of establishing substantial similarity, and that arguments made on a motion for reconsideration that were not made in prior briefing or at oral argument are not a proper basis for the Court to reconsider its ruling unless such arguments could not have been brought to its attention earlier with reasonable diligence. LCR 7(h).

Plaintiff argues that Honda's failure to investigate these prior incidents serves as evidence to support his claim of negligence; such arguments are not properly raised for the first time in this Motion. LCR 7(h). Plaintiff had three opportunities to raise such arguments—pre- and post- briefing, as well as at oral argument. Plaintiff's only prior mention of such arguments, the introductory statement in his pre-hearing brief that "the lack of investigation proves negligence on the part of Honda," is insufficient to shoehorn in Plaintiff's copious briefing on the subject now.

The Court finds no other basis to reconsider its prior Order. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration (Dkt. #66) is DENIED.

DATED this 6th day of December 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE